**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Stephen Arnone,<br><br>      Plaintiff,<br><br>v.<br><br>The CCS Companies a/k/a Credit Collection Services,<br><br>      Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Stephen Arnone ("Stephen"), is a natural person who resided in West Lafayette, Indiana, at all times relevant to this action.

2. Defendant, The CCS Companies a/k/a Credit Collection Services ("CCS"), is a Delaware corporation that maintained its principal place of business in Norwood, Massachusetts, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, CCS collected consumer debts.

6.   CCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7.   The principal source of CCS's revenue is debt collection.

8.   CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.   As described, *infra*, CCS contacted Stephen to collect a debt that was incurred primarily for personal, family, or household purposes.

10.  This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.  Stephen is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.  Within the past twelve months, CCS began calling Stephen on his home telephone ending in -1017 in an attempt to collect a debt for another individual.

13.  Shortly after the calls began, Stephen advised CCS the individual CCS was looking for was the previous owner of Stephen's number.  In addition, Stephen communicated his desire that CCS cease calling Stephen.

14.  In response, CCS told Stephen that CCS would stop calling Stephen.

15.  Nevertheless, CCS continued to call Stephen on his home telephone multiple times for the purpose of speaking with someone other than Stephen.

16.  CCS's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Stephen.

17.  CCS unreasonably relied upon inaccurate information provided to CCS by one (1) or more original creditors for whom CCS was attempting to collect a debt when CCS called Stephen's home telephone.

18.  CCS's policies and procedures violate the FDCPA.

19. CCS's collection efforts, including but not limited to its telephone calls, caused Stephen emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

20. CCS's collection efforts also intruded upon Stephen's privacy.

21. In addition, each time CCS placed a telephone call to Stephen, CCS occupied Stephen's telephone number such that Stephen was unable to receive other phone calls at that telephone number while CCS was calling him.

22. CCS's telephone calls also forced Stephen to lose time by having to tend to CCS's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Stephen re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

24. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

25. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

26. The likely effect of CCS's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Stephen.

27. CCS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Stephen in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Stephen re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

29. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee.  If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

30. CCS policies and procedures, as described in Paragraphs 16 through 17 *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

31. CCS's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

32. Because CCS's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

33. CCS violated 15 U.S.C. § 1692d(5) by causing Stephen's telephone to ring or engaging Stephen in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Stephen.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Stephen re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

35. CCS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Stephen re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

37. CCS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

38. Stephen demands a trial by jury.

## PRAYER FOR RELIEF

39. Stephen prays for the following relief:

    a. Judgment against CCS for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


Date: May 2, 2017                    By:____/s/ Jeffrey S. Hyslip_____
                                     Jeffrey S. Hyslip, Esq.
                                     Ohio Bar No. 0079315
                                     HYSLIP & TAYLOR, LLC, LPA
                                     1100 W. Cermak Rd., Suite B410
                                     Chicago, IL  60608
                                     Phone: 312-380-6110
                                     Fax: 312-361-3509
                                     Email: jeffrey@lifetimedebtsolutions.com
                                     Attorney for Plaintiff